```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

TEDDY RAGAN                    ]
    Plaintiff,             ]
                           ]
v.                             ]          No. 3:14-0392
                           ]          Judge Campbell
STATE OF TENNESSEE, et al.     ]
    Defendants.            ]


# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the State of Tennessee; the Metro Nashville Police Department; Metro Nashville Government; the Davidson County Sheriff's Office; and the Davidson County Criminal Justice Center; seeking damages.

The plaintiff alleges that the defendants have wrongfully incarcerated him. In addition, he challenges conditions of his confinement.

The plaintiff claims that the State of Tennessee has violated his constitutional rights. The Eleventh Amendment, though, bars a suit in federal court by a citizen against a state or its agencies unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity. <u>Pennhurst State School and Hospital v. Halderman</u>, 104

S.Ct. 900, 908 (1984); Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989).

Congress has not overridden a state's sovereign immunity to civil rights complaints. Moreover, the State of Tennessee has not consented to waive its immunity to such actions. Berndt v. Tennessee, 796 F.2d 879 (6th Cir.1986). Therefore, faced with this defendant's sovereign immunity, the plaintiff can not obtain relief in an action against the State of Tennessee.

The plaintiff is also bringing suit against the Davidson County Criminal Justice Center. A county jail or workhouse, however, is not a "person" that can be sued under 42 U.S.C. § 1983. Rhodes v.McDannel, 945 F.2d 117, 120 (6th Cir. 1991). Nor is a local police department or sheriff's office subject to suit under § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is not a "person" subject to liability under § 1983). As a consequence, the plaintiff has failed to state an actionable claim against the Criminal Justice Center, the Metro Police Department and the Davidson County Sheriff's Office.

Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against the Metro Nashville Government, the entity responsible for the operation of the Davidson County Criminal Justice Center. However, for the Metro Nashville Government to be liable, the plaintiff would have to allege and prove that his

constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the Metro Nashville Government. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state a claim against the Metro Nashville Government upon which relief can be granted.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge